Matthew G. Monforton (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone: (406) 570-2949
E-mail: matthewmonforton@yahoo.com

Attorney for Plaintiff Daria Danley

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| DARIA DANLEY, | ) |
| Plaintiff, | ) Case No. CV-23-0004-H-SEH |
| v. | ) **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION** |
| CLAYTON CHRISTIAN, Commissioner of Higher Education, WADED CRUZADO, President of Montana State University, KYLEEN BRESLIN, Director of Montana State University's Office of Institutional Equity, | ) |
| Defendants. | ) |

Plaintiff Daria Danley opposes Defendants' request for an extension to respond to her motion for a preliminary injunction. Danley filed her motion on January 19, 2023. Docs. 6 & 7. Danley's motion is a simple, straightforward request to be permitted to exercise her fundamental constitutional right of association during the pendency of this lawsuit. She has done absolutely nothing to deserve the degrading "interim" no-contact order Defendants have imposed

upon her for the past 16 months – nothing other than question MSU's extremist LGBTQ agenda.

Defendants will admittedly have difficulty responding to Danley's motion for a preliminary injunction. But the difficulty lies not in the amount of time in which they have to respond. Rather, Defendants do not have even a colorable argument as to why their ludicrous no-contact order should remain in force. Being granted additional time by this Court to respond to Danley's motion will not make Defendants' arguments any stronger.

Defendants claim that "[i]t is unreasonable and prejudicial to expect defense counsel to prepare a response to Plaintiff's motion for a Preliminary Injunction in this short amount of time." Doc. 9 at 2. The two-week time period for Defendants' response is established by L.R. 7.1(d)(1)(B)(ii). Defendants offer nothing but conclusory statements as to why they cannot meet this deadline. Nor have they explained how MSU will in any way be harmed by Danley being permitted to exercise her fundamental constitutional rights.

The delay sought by Defendants will continue to harm Danley. *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976) ("[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Defendants essentially argue that, because they have trampled upon Danley's First Amendment rights for the past 16 months, Danley should endure further delays

before having her day in court.  Doc. 9 at 2-3.  This argument demonstrates Defendants' disregard for the constitutional injury they have already inflicted upon her and are continuing to inflict.

Defendants also criticize Danley for not seeking a temporary restraining order.  Doc. 9 at 3.  This argument is puzzling.  Had Danley done so, Defendants (as well as the Court) would have had significantly less time to evaluate her motion.

Danley is always willing to extend professional courtesies to Defendants when doing so does not prejudice her constitutional rights.  For example, she has not objected to Defendants' motion for additional time to respond to her Verified Complaint.

But Defendants' motion for an extension to respond to her preliminary injunction motion is a different matter.  That extension would serve no purpose other than to require Danley to continue enduring an unnecessary deprivation of her First Amendment rights.  Defendants' motion for an extension to respond to Danley's motion for preliminary injunction should therefore be denied.

DATED: January 30, 2023              Respectfully submitted,

                                     /s/ Matthew G. Monforton
                                     Matthew G. Monforton
                                     Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE PURSUANT TO L. R. 7.1

I hereby certify that this document, excluding caption, tables and certificate of compliance, contains 451 words, as determined by the word processing software used to prepare this document, specifically Microsoft Word.

DATED: January 30, 2023                    Respectfully submitted,

                                           /s/ Matthew G. Monforton
                                           Matthew G. Monforton
                                           Attorney for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY this 30th day of January, 2023, that a copy of the foregoing will be delivered this day to the named Defendants via this Court's electronic filing system.

DATED: January 30, 2023　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Matthew G. Monforton
　　　　　　　　　　　　　　　　　Matthew G. Monforton
　　　　　　　　　　　　　　　　　Attorney for Plaintiff