Sarah Mazanec
Patricia Klanke
DRAKE LAW FIRM, P.C.
111 N. Last Chance Gulch, Ste 3J
Helena, MT   59601
Telephone: (406) 495-8080
sarah@drakemt.com
patricia@drakemt.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| DARIA DANLEY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CLAYTON CHRISTIAN, Commissioner of Higher Education, WADED CRUZADO, President of Montana State University, KYLEEN BRESLIN, Director of Montana State University's Office of Institutional Equity,<br><br>　　　　　Defendants. | Cause No. CV-23-0004-SEH<br><br>**Brief in Support of Defendants' Opposed Motion to File Under Seal** |

　　　　Pursuant to Mont. D. L. R. 5.2(b), Defendants have moved for leave to file under seal their Response Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction and the Affidavit of Kyleen Breslin and attached Exhibits

1-7, 12, and 15-17. Exhibits 8-11, and 13-14 do not need to be filed under seal. Defendants have attached redacted copies of these documents that can be filed in the public record under Mont. D. L. R. 5.2(d)(3)(B).

## LEGAL STANDARD

Courts have "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). But "access to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[A] 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a party must "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Smith v. City of Billings*, No. CV 13- 107-BLG-SEH, 2013 WL 5966665, at *2 (D. Mont. Nov. 7, 2013) (quoting *Kamakana*, 447 F.3d at 1178–79).

"[T]he Ninth Circuit requires a more particularized showing of prejudice or harm to the parties[] in order to grant an application file under seal." *Shultz Steel Co. v. Cont'l Cas. Co.*, No. CV1408044RSWLASX, 2016 WL 1465315, at *2 (C.D. Cal. Apr. 14, 2016). Such harm includes the use of documents as "a vehicle for improper purposes," such as "to gratify private spite, promote public scandal,

circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

## ARGUMENT

Defendants seek to file under seal portions of the Affidavit of Kyleen Breslin and attached exhibits and portions of Defendants' Response Brief in Opposition to Plaintiffs' Motion for a Preliminary Injunction because they contain private and sensitive information protected by federal and state law.

### I. The Information is Protected by the Federal and State Law, which is a Sufficient and Compelling Interest to Justify Filing under Seal.

Information about specific students at MSU is protected by numerous state and federal laws, thus providing a compelling justification to file these documents under seal. The Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99) protects the privacy of student education records. FERPA prohibits federal funding of an education institution that "has a policy or practice of releasing, or providing access to, any personally identifiable information in education records" without the written consent of the student, a lawfully issued subpoena, or a judicial order. 20 U.S.C. § 1232g(b)(2). "Education records" are "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. §

3.   Defendants' Brief In Support of Defendants' Opposed Motion to File Under Seal.

1232g(a)(4)(A). The term "personally identifiable information" means information such as names, birthdates, social security numbers, and "[o]ther information that, alone or in combination is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

Title IX regulations, at 34 C.F.R. § 106.71(a), state the general rule that an institution must keep confidential the identity of any person who has reported sexual harassment, or who has been reported to be a perpetrator of sexual harassment.

State law also protects student information from disclosure. Mont. Code Ann. § 20-25-515 provides:

> A university or college shall release a student's academic record only when requested by the student or by a subpoena issued by a court or tribunal of competent jurisdiction. A student's written permission must be obtained before the university or college may release any other kind of record unless such record shall have been subpoenaed by a court or tribunal of competent jurisdiction.

In addition, University students' right of privacy is protected by Article II, Section 10 of the Montana Constitution. The Montana Supreme Court has recognized that students have an enhanced privacy interest in their educational records. *Krakauer v. State*, 2016 MT 230, ¶ 41 384 Mont. 527, 381 P.3d 524. In *Krakauer v. State*, 2019 MT 153, ¶ 44-26, 396 Mont. 247, ¶ 45, 445 P.3d 201, the

Montana Supreme Court held that a student's records that contained allegations against him relating to sexual assault, the evidence gathered in a university's investigation into these allegations, and disciplinary proceedings against him were all confidential and protected from public disclosure.

MSU has a legal duty to maintain the privacy of its students under each of these independent sources of law.[1] Given the heightened protection afforded to students' privacy, the disclosure of the names and identifying information of MSU students is protected from public disclosure and is entitled to protection under seal.

## II.    When Balancing Students' Privacy Interests, Filing Under Seal Will Not Substantially Limit Public Access to Information.

The Defendants seek to limit the disclosure of student information protected by federal and state law. Although the public has an interest in the "judicial process" and the "bases or explanations of a court's decision," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) (citations omitted), the filing of the requested documents under seal will not prevent the public from understanding the judicial process because Defendants' legal arguments are available in the unredacted portions of the documents that are publicly filed. See, *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (holding that public interest in

---

[1] As to Plaintiff Danley, the privacy rights of a plaintiff may be diminished or extinguished by the act of filing litigation putting a particular subject at issue. See, e.g., *A.C. v. Cortez*, 34 F.4th 783, 788 (9th Cir. 2022).

5.   Defendants' Brief In Support of Defendants' Opposed Motion to File Under Seal.

information identifying employees was minimal because the public would have access to relevant information regarding the claim without the identifying information). Accordingly, the public's interest in access to protected student information is minimal because information relevant to understanding the judicial process and the basis of any decision by the Court will publicly be accessible in the publicly-filed redacted documents.

## CONCLUSION

Given that MSU has an obligation to protect the privacy of its students' personal information and educational records under various federal and state laws, the Defendants are entitled to file the Affidavit of Kyleen Breslin (and attached documents) and their Response Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction under seal.

DATED February 16, 2023

DRAKE LAW FIRM, P.C.

/s/ Sarah Mazanec
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document, excluding caption, tables, and certificate of compliance, contains 1079 words, as determined by the word processing software used to prepare this document, specifically Microsoft Word.

DATED February 16, 2023

/s/ Sarah Mazanec
Sarah Mazanec
*Attorneys for Defendants*

6. Defendants' Brief In Support of Defendants' Opposed Motion to File Under Seal.